FLORUS R. BAXTER and Others, Plaintiffs, *v.* THOMAS J. SWANTON and Others, Defendants.

Supreme Court, Monroe County, August 25, 1931.

*Chamberlain, Page & Chamberlain,* for the plaintiffs.

*Warren, Shuster, Case & Halsey, Sutherland & Dwyer, Wile, Oviatt & Gilman, John Van Voorhis' Sons, Harris, Beach, Folger, Bacon & Keating, Remington, Remington & Keating, O'Brien & McSweeney,* and *McLean, Duffy & Kaelber,* for the defendants.

KENYON, J.   A bill of particulars has been demanded by the defendants, and the plaintiffs have agreed to furnish it.   Until, therefore, a bill of particulars is furnished and the issues are clearly cut and finally fixed, it would be difficult for the court to intervene and direct a separation of them.

Another and greater obstacle to the granting of the motion presents itself to this court, and that is that the time when the Statute of Limitations begins to run as against each defendant depends upon when, if at all, certain knowledge of the conditions of the affairs in the bank of which the defendants were directors was acquired by each of them individually.   If the issue of the running of the Statute of Limitations were separated from the other issues in the case, the defendants would be deprived of that full and complete cross-examination of each of the plaintiffs to which they are each entitled, in order to develop what, if any, knowledge, any, or

all, of the plaintiffs had of these conditions in the bank, and as to the time when they acquired that knowledge. To deny all or any one of the defendants this right of full and complete cross-examination would be prejudicial to their interests.

The motion must, therefore, be denied, with costs to abide the event. An order may be entered accordingly.